



**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**BRIAN FRANCOLLA**
*Assistant Corporation Counsel*
Tel.: (212) 788-0988
Fax: (212) 788-9776

July 28, 2008

**BY FACSIMILE: (212) 805-7942**
Honorable Alvin K. Hellerstein
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007-1312

*[Handwritten note: I will rule on pl's request when pl. supplies sufficient detail as to his proposed amendments, and specific reasons to justify same. Def'ts will be given [same?].]*

Re: Edward Williams v. Police Officer Anderson, et al., 08 CV 1627 (AKH)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of defendant City of New York. In that capacity, I write further to plaintiff's July 16, 2008 letter to the Court, in which he requests leave of Court to file an amended complaint. In his letter, plaintiff advised the Court that he seeks to amend the complaint in order to address several errors, withdraw several claims and to make the allegations more "pellucid and succinct." To date, however, plaintiff has not provided this office with a copy of the proposed Amended Complaint. Accordingly, without having an opportunity to review the proposed Amended Complaint, defendant cannot take a position as to it at this time.

      As Your Honor may recall, City defendant previously requested and was granted enlargement of time until August 1, 2008, to answer or otherwise respond to the Complaint. In this case, plaintiff claims he was falsely arrested on August 26, 2006 by New York City Police Officers, but concedes that he was subsequently convicted of attempted assault. City defendant initially requested an enlargement of time in order to obtain the records concerning the arrest, prosecution and conviction of plaintiff and to determine whether a dispositive motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure would be appropriate. By letter dated July 7, 2008, we advised the Court that we intended to respond to the complaint by way of a motion pursuant to Rule 12(b)(6).

*[Handwritten note: One last extension, to Aug. 22, 2008 to answer and then, if it wishes, file a Rule 12(a) motion. A Rule 12(b) motion is inappropriate. 7-28-08 /s/ A.K. Hellerstein]*

Accordingly, notwithstanding the above, should the Court grant plaintiff's request to amend the complaint, City defendant respectfully requests forty-five days from the date on which plaintiff files the Amended Complaint within which to answer or otherwise respond.[1]

In view of the foregoing, it is respectfully requested that the Court grant the within requests. Thank you for your consideration herein.

Respectfully submitted,

Brian Francolla
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Mr. Edward Williams (By mail)
Plaintiff *Pro Se*
DIN # 01-A-1756
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411-9199[2]

---

[1] According to an entry on the docket sheet dated June 20, 2006, Police Officer Anderson may have been served with a copy of the summons and complaint on or about April 28, 2008. We are in the process of investigating service and resolving representation issues pursuant to General Municipal Law § 50-k as per Officer Anderson. Moreover, from a review of the docket sheet, it appears that service was attempted but unexecuted as to Sergeant Dorritie. Upon information and belief, Sergeant Dorritie has not requested legal representation from the Office of the Corporation Counsel. Without making any representations on behalf of these two individuals, we respectfully request that, in the event they were properly served, their time to respond similarly be enlarged so that their defenses are not jeopardized while representational issues are being decided.

[2] Plaintiff's address is listed as Gowanda Correctional Facility, P.O. Box 311, Gowanda, New York 14070-0311 on the docket sheet. By letter dated June 24, 2008, however, plaintiff advised defense counsel that he has been transferred to Orleans Correctional Facility and provided the address listed above. Plaintiff further indicated that he advised the Pro Se Office of his new address.